REID, Judge.
This is an action seeking damages for personal injuries allegedly sustained by plaintiff, Mrs. Lavinia A. Ritter, as the result of a three car motor vehicle collision. The suit was instituted by Mrs. Ritter and her husband against Sidney A. McGhee, and his insurer, American Indemnity Company of Galveston, Texas, and Ludric J. Doucet. The accident occurred on October 9, 1954 in the City of Baton Rouge near the intersection of Scenic Highway and Choctaw Drive. The three automobiles involved were proceeding in a northerly direction on Scenic Highway after having just stopped for a traffic control light on Choctaw Drive, the lead vehicle being operated by Mrs. Ritter, the second vehicle being operated by its owner Sidney A. McGhee, and the third vehicle by its owner Ludric J. Doucet. After proceeding for only a short distance another vehicle entered the highway from a parking area and pulled in front of Mrs. Ritter. She applied her brakes to avoid hitting that automobile and her car was hit in the rear by the car driven by Sidney A. McGhee, who in turn was lightly hit by Mr. Doucet’s automobile.
This suit was instituted on October 7, 1955 and was dismissed for lack of prosecution for five years as of September 27, 1961, but was reinstated to the docket of the 19th Judicial District Court upon motion of plaintiffs and upon their showing that prescription had been interrupted by assigning the case for trial on one occasion.
Trial of this case on the merits was commenced on June 20, 1963. A portion of the evidence was introduced on that date and the case was laid over until June 16, 1964 when the remainder of the evidence was introduced and the case submitted and taken under advisement by the Court. On June 24, 1964 the Lower Court rendered judgment in favor of plaintiffs and against American Indemnity Company of Galveston, Texas, and Sidney A. McGhee, and dismissed the suit as against Ludric J. Doucet. A new trial was sought and granted and the judgment in favor of the plaintiffs was reduced: the quantum from $2500.00 to $1800.00 for Mrs. Ritter, and the specials from $794.43 to $93.65 for Mr. Ritter. Defendants American Indemnity Company of Galveston, Texas and Sidney A. McGhee, and the plaintiffs have appealed.
In his written reasons for judgment the Trial Judge held that the sole cause of the accident was the negligence of the defendant, Sidney A. McGhee, and that the defendant Ludric J. Doucet was not guilty of any negligence contributing to the accident. An examination of the record substantiates the Judge’s holding in this respect. Certainly there is nothing in the record which would indicate that his holding in this respect is manifestly erroneous.
It is apparent from the record that counsel for plaintiffs appellants had abandoned his appeal insofar as Ludric J. Doucet is concerned, having so stated when this case was called on the docket of this Court in May of 1965. There is nothing in the record to indicate a formal abandonment of the appeal, but in view of our holding regarding liability, this point is immaterial.
The facts show conclusively that defendant McGhee ran into the rear of the vehicle operated by Mrs. Ritter. Mrs. Ritter’s testimony was that she stopped for the red light at the intersection of Scenic Highway and Choctaw Road. When the light changed to green she pulled across Choctaw Road and proceeded north around 75 feet when she noticed a car coming out of the parking lot some 75 feet ahead of her. She testified that she began to stop her car, bringing it to a slow stop in order to avoid striking the car that had entered the highway just ahead of her. She was in this position when the McGhee car struck her from the rear. Defendants objected to this portion of her testimony on *128 the grounds that her petition alleged that she came to a dead stop. The Trial Judge admitted the testimony subject to the objection, stating that it would go to the effect, and that the question was, when she came to a stop after bringing the car under control. Mrs. Ritter was corroborated as to the McGhee car striking her in the rear by her mother, Mrs. Margaret Marshall.
Defendant Sidney A. McGhee testified he pulled up from 7 to 8 feet behind Mrs. Ritter at the stop sign at the intersection of Scenic Highway and Choctaw Road. He testified that when the light changed and Mrs. Ritter pulled out that he followed her 10 or IS feet behind. He further testified that he was looking at his speedometer and was making about 12 miles an hour and when he looked up he saw the Ritter car stopped in fi'ont of him. The accident resulted causing damages to the front and back of his car of over $300.00. The damage on the rear, which was very slight, was caused when the Doucet car slowly ran into the McGhee car from the rear.
The testimony of Mr. Doucet, driver of the rear car, is to the effect that he had pulled up behind the McGhee car approximately 2 or 3 car lengths in the rear, and that he was 2 or 3 car lengths behind Mr. McGhee when he noticed the danger of a collision. He immediately applied his brakes and his car skidded slowly and made a slight contact with McGhee’s car. Mr. Doucet further testified that the damages to the McGhee car was indicative of a pretty good blow.
We feel that the proximate cause of this ■damage was the negligence of the defendant McGhee in not paying proper attention to the traffic ahead, taking his eyes off the front and looking at his speedometer when he should have been on the alert. Had he noticed the Ritter car coming to a stop, or being stopped sooner, he could have avoided the accident. The Trial Judge in his written reasons stated that Mr. McGhee was too close to the Ritter car, being that close he had a duty to observe carefully so that he could have stopped for any emergency that came within the range of his lights. We find no manifest error in the Judge’s finding of negligence in this matter and concur with him that liability was proven as against McGhee.
With regard to quantum the Trial Judge gave a very lengthy statement of testimony of Mrs. Ritter. He found that Mrs. Ritter was suffering from various ailments and some prior accidents as well as the accident that happened in 1958. She was very voluminous in her complaints and had a tendency to enlarge her ailments. He further stated that Dr. Thomas Campanella, a recognized orthopedist and witness for the plaintiff, testified that he did not believe the accident caused all the things that she complained of. He felt that Mrs. Ritter was entitled to recover something but that what it should be would be difficult to say.
In addition to Dr. Campanella plaintiff used Dr. L. F. Magruder, a psychiatrist, and Dr. William Moody, a general practitioner. Dr. Moody testified that he sent Mrs. Ridder to Dr. Magruder because she was complaining too much and too long about her injuries. He testified that he thought her general arthritic condition had been aggravated by the trauma which is the subject of this lawsuit. While he testified that he had attended Mrs. Ritter since 1948 and that with her various and sundry difficulties causing the obesity, hypertension and arthritis that she did have a definite reason to complain. He further testified again that she had a tendency to exaggerate.
Dr. Magruder testified that Mrs. Ritter told him that she had a heel fracture in her left heel some four years prior to the automobile accident, and on her last visit to him she told him she had been in another accident in 1958. Fie, too, testified that “some of this exaggeration I feel appears to be conscious and deliberate on her part, but some of the exaggeration I feel *129 is unconscious and that she is not even aware of the exaggeration.” He further testified that to a large extent he felt that Mrs. Ritter’s complaints were exaggerated consciously or unconsciously.
The Trial Judge in his oral reasons on the rehearing held as follows:
“In view of Dr. Campanella’s positive statement that the fracture was not done in this accident; that she could have had the same flare up of the elbow without any accident, it is apparent that the doctor’s feeling that the accident caused the trouble is mere conjecture and supposition and not based on any factual proof of medical certainty. I have concluded that the proof is not sufficient to justify the holding that the elbow operation was caused by this minor accident.
* * * After careful review of the testimony I adhere to the opinion that the proximate cause of this accident was the negligence of defendant Mc-Ghee in (1) following too close to Mrs. Ritter’s car, (2) not keeping a proper lookout ahead, and (3) not having his car under proper control.
At the time of the accident Mrs. Ritter was already in bad condition physically from many ailments including acute and advanced arthritis. The accident no doubt resulted in some aggravation of the arthritis, and possibly some other of her many ailments. To what extent, nobody can be certain. After further consideration, it is my opinion that the degree or amount of aggravation of all her existing ailments, and whatever new complaints she developed do not justify the award of $2,500 and that $1,800 is reasonable and more in keeping with the proof.”
The Trial Judge then, believing that the elbow operation was not a result of the accident, deleted the following items from the special damages, to-wit: Dr. Campanella’s bill, $270.00; Dr. Kirby’s bill, $25.00; Nursing expenses, $120.00; Our Lady of the Lake Hospital, $285.78. This left a balance for medical expenses totaling $93.65 payable to Mr. Ritter. We fail to see where these quantum awards are inadequate or excessive, or that the Trial Judge has shown manifest error therein.
For the foregoing reasons the judgment of the Trial Court is affirmed.
Affirmed.